IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST William J. WATSON, Attorney at
Law.

Supreme Court

*No. 90-1381-D. Submitted on briefs November 26,
1991.—Decided December 17, 1991.*

(Also reported in 477 N.W.2d 844.)

For the appellant there was a brief by *William J.
Watson,* Madison.

For the Board of Attorneys Professional Responsi-
bility there was a brief by *Gerald C. Sternberg,* Madison.

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

This is an appeal by the respondent attorney, Wil-
liam J. Watson, from the referee's findings of fact and
conclusions of law that he engaged in professional mis-

conduct while serving as assistant district attorney for Jefferson county by possessing and using cocaine in a judge's chambers while the judge was absent, using cocaine and marijuana on other occasions and directing his secretary to falsify a driver's license receipt for a friend whose license had been suspended. Attorney Watson also appealed from the referee's recommendation that the court suspend his license to practice law for one year as discipline for that misconduct.

We adopt the referee's findings of fact, as they are not clearly erroneous, and we also adopt the conclusions of law the referee drew from those facts. Because of its egregious nature, Attorney Watson's conduct warrants severe discipline. Not only did he violate the criminal laws proscribing the possession and use of controlled substances, but he did so while serving on the staff which prosecuted those offenses and, on one occasion, in the chambers of a judge who presided over those prosecutions. Further, he used his official position to falsify a document in order to benefit a friend. We determine that the one-year license suspension recommended by the referee is appropriate discipline to be imposed for his misconduct.

Attorney Watson was admitted to practice law in Wisconsin in 1984 and currently practices in Madison. At the time he engaged in the misconduct considered in this proceeding, he was serving as assistant district attorney for Jefferson county. Attorney Watson has not previously been the subject of a disciplinary proceeding. The referee is Attorney Cheryl Rosen Weston.

Following two days of hearing, the referee made the following findings of fact. On April 7, 1987, Attorney Watson, while serving as assistant district attorney, possessed and ingested cocaine in the chambers of a circuit judge at the Jefferson county courthouse while the judge

was absent. He did so in the company of a court reporter, who provided the cocaine, and a friend.

The referee also found that on one other occasion following the incident in the judge's chambers Attorney Watson possessed and used cocaine. Moreover, in the course of the disciplinary hearing, Attorney Watson volunteered that on more than one occasion during his employment in the district attorney's office, he possessed and used cocaine and marijuana.

During the summer of 1987, an investigation concerning potential controlled substance violations and other criminal conduct was being conducted in Jefferson county, with specific emphasis on the courthouse. As part of that investigation, an undercover police officer had a number of contacts with Attorney Watson, who came to suspect there was an investigation in progress and believed that the person contacting him was an undercover law enforcement officer. Attorney Watson shared his suspicions with the court reporter who had provided the cocaine, warning him not to violate any controlled substance laws in the presence of the man he believed to be the undercover officer.

In an incident unrelated to his use of controlled substances, in 1986 Assistant District Attorney Watson directed his secretary to falsify a driver's license receipt for a friend whose license had been suspended in order that he could continue to work as an automobile salesman. The receipt was the kind routinely given a driver whose license is retained by an officer at the time a traffic citation is issued and the receipt authorizes the driver to continue to drive while the traffic matter is pending.

On the basis of those facts, the referee concluded that Attorney Watson engaged in conduct involving

moral turpitude, in violation of former SCR 20.04(3),[1] by possessing and using cocaine in violation of state law. She also concluded that he engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of former SCR 20.04(4),[2] by directing his secretary to prepare a false driver's license receipt.

In his appeal, Attorney Watson's first argued that the Board of Attorneys Professional Responsibility's (Board) amendment of its complaint following the hearing to conform to the evidence presented by his own volunteered testimony to include the use of marijuana and cocaine on several unspecified occasions violated his constitutional right of due process notice of charges. He contended that, had he been advised that the Board intended to amend its complaint, he would have exercised his right to be heard and present mitigating evidence at the hearing.

In her report, the referee rejected Attorney Watson's contention that the amendment of the complaint would deny him due process notice of charges, the opportunity to prepare a defense or a full hearing. The referee determined that his own direct testimony, given with

---

[1]SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

. . .

(3) Engage in illegal conduct involving moral turpitude.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(b).

[2]SCR 20.04 provided:

**Misconduct.** A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

knowledge that possession of cocaine was illegal and could form the basis for attorney discipline, constituted his implied consent, as that term is used in the rules of civil procedure, sec. 802.09(2), Stats.,[3] permitting amendment of pleadings to conform to the evidence.

We agree. Attorney Watson had the opportunity to offer evidence in mitigation of the seriousness of the misconduct after he volunteered testimony of his marijuana and cocaine use but elected not to do so.

Attorney Watson's second argument addressed the referee's finding that he used cocaine in the judge's chambers. He contended that the evidence on which that finding was based was not clear and convincing. He made the same argument with respect to the finding regarding his use of cocaine on a subsequent occasion, as well as to the finding that he directed his secretary to

---

[3]802.09 provides:

**Amended and supplemental pleadings.**

. . .

**(2)** AMENDMENTS TO CONFORM TO THE EVIDENCE. If issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Pursuant to SCR 22.23(2), the rules of civil procedure apply in attorney disciplinary proceedings except as otherwise provided in the rules.

falsify the driver's license receipt. His arguments attacked the credibility of the witnesses who testified at the disciplinary hearing.

We reject Attorney Watson's arguments attacking the sufficiency of the evidence. The referee's report explicitly addresses the credibility of the witnesses and properly weighed the credibility of their testimony.

Attorney Watson's other arguments were directed at the referee's refusal to enter a discovery order and her denial of his request to appoint someone other than the administrator of the Board of Attorneys Professional Responsibility to represent the Board in this disciplinary proceeding. These arguments are without merit. Regarding the discovery issue, the referee properly decided to leave to Attorney Watson's discretion whether to pursue by interrogatories or depositions the discovery of material he had not already been provided. The referee also properly refused to order the Board to obtain for Attorney Watson the discovery material he wanted. On the issue of his request for a "special prosecutor," there was no showing of any conflict, actual or potential, by virtue of the relationship between the office of the Attorney General and the Board of Attorneys Professional Responsibility that would have warranted the referee's requiring someone other than the administrator of the Board as the Board's counsel in this proceeding.

The serious nature of Attorney Watson's violations of the controlled substances law was aggravated by the fact that they occurred while he served on the staff of the county prosecutor. Moreover, he used his official position to obtain a benefit for a personal friend and falsified an official document to do so. His misconduct warrants discipline of commensurate severity.

It appears from the record that in December, 1987, during personnel disciplinary proceedings arising out of the drug investigation, Attorney Watson resigned his position in the district attorney's office. He had been suspended from his position while the proceedings were pending and in his brief he asks that the nine months he did not practice law, from the time of his suspension through May, 1988, be credited against any license suspension we may impose. We reject that request.

IT IS ORDERED that the license of William J. Watson to practice law in Wisconsin is suspended for a period of one year, commencing February 1, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order William J. Watson pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William J. Watson to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William J. Watson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.