IN the MATTER OF the REINSTATEMENT OF the LICENSE OF
William J. WATSON to Practice Law.

Supreme Court

*No. 90–1381–D. Filed September 15, 1993.—This court
decided this proceeding on August 17, 1993.*

(Also reported in 504 N.W.2d 870.)

PER CURIAM. *Petition for reinstatement; reinstatement denied.*

William J. Watson has petitioned for reinstatement of his license to practice law in Wisconsin. The court suspended his license for one year, effective February 1, 1992, as discipline for having possessed and used cocaine in a judge's chamber during the judge's absence and on other occasions while he served as assistant district attorney for Jefferson county and for directing his secretary to falsify a driver's license receipt for a friend whose license had been suspended. *Disciplinary Proceedings Against Watson*, 165 Wis. 2d 493, 477 N.W.2d 844 (1991). We determine that Mr. Watson has not met his burden of demonstrating that he has fully complied with the terms of the order suspending his license and that he is entitled to the reinstatement of that license to practice law in Wisconsin, as required by SCR 22.28(6).[1] Accordingly, we deny his petition for reinstatement.

Mr. Watson's reinstatement petition was considered first by the district professional responsibility committee, which conducted a hearing at which Mr.

---

[1] SCR 22.28 provides:

**Reinstatement.**

. . .

(6)   The petitioner has the burden of demonstrating by clear and convincing evidence that the petitioner has the moral character to practice law in this state and that the petitioner's resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest. The petitioner shall also demonstrate by clear and convincing evidence full compliance with the terms of the order of suspension or revocation and the requirements of SCR 22.26.

Watson and others gave testimony. The committee concluded that Mr. Watson failed to meet his burden under SCR 22.28 to establish his entitlement to reinstatement in the following respects. First, by his admitted use of controlled substances, his refusal to submit to an at-risk evaluation for drug and alcohol abuse and his response to the committee's expressed concerns about trust account security, he failed to demonstrate by clear and convincing evidence that reinstatement of his license to practice law would not be "subversive of the public interest." Second, his failure to pay, in whole or in part, the costs of the disciplinary proceeding, as the court had ordered him to do, demonstrated that he had not fully complied with the court's order of suspension, notwithstanding the fact that at the reinstatement hearing, Mr. Watson tendered a check in full payment of those costs. Third, by his testimony and demeanor at the hearing, Mr. Watson failed to demonstrate by clear and convincing evidence that he has the moral character necessary to practice law.

The Board of Attorneys Professional Responsibility (Board) considered the district committee's report and agreed with its conclusions. The Board recommended that the court deny Mr. Watson's reinstatement petition. In its report filed with the court, the Board addressed three issues: Mr. Watson's appreciation of court rules, court orders and state law, his substance abuse and his honesty. Regarding the first of those, the Board noted Mr. Watson's failure to comply with the court's order extending the time for him to pay the costs of the disciplinary proceeding. That order directed Mr. Watson to furnish the Board details of his financial circumstances and his enroll-

ment in school to support his claim that he was financially unable to pay the costs.

Mr. Watson told the Board he had $12,000 in savings, owed his father $42,000 in school loans and was enrolled in a master's degree program. Based on that information, the court extended the time for him to pay the costs and directed him to furnish the Board a plan for the payment of costs in installments. Three days before the date set by the court for submitting that plan and two months after he filed his reinstatement petition, Mr. Watson filed a second request for an extension of time to pay costs but he never furnished the Board an installment payment plan as ordered by the court. Rather, he merely told the Board he had been assured of a loan to pay the costs in full within 60 days after reinstatement of his license. The court denied his motion for a second extension. The Board then notified him that he was delinquent in the payment of costs, reminding him that a person seeking license reinstatement must establish full compliance with the terms of the court's order of license suspension, but Mr. Watson did not reply.

In its report, the Board noted that Mr. Watson did not use any of his $12,000 savings to pay even a portion of the costs of the disciplinary proceeding, did not seek employment to obtain money to pay those costs and did not use any portion of a $10,000 loan he obtained from his father in November, 1992 for the payment of those costs but used the entire amount of that loan to purchase a new automobile.

Responding to the costs issue in this reinstatement proceeding, Mr. Watson merely asserted that he was unable to pay the costs because his father had gone back on a promise to lend him the money to do so but he eventually prevailed upon his father to make that loan.

Mr. Watson made no reference to the $10,000 he had obtained from his father to purchase an automobile or the $12,000 he had in savings at the time his license was suspended.

The second issue addressed by the Board concerned Mr. Watson's use of controlled substances. Prior to the reinstatement hearing, the district committee told Mr. Watson that it would be inquiring into his use of controlled substances subsequent to the incidents that led to his license suspension. At the hearing, Mr. Watson denied that he had used cocaine in the judge's chambers and denied, contrary to the testimony of two law enforcement officers at the disciplinary hearing, that he had told each of them he had a serious drug problem. He testified that he had not used controlled substances following the incidents that led to his license suspension and used alcohol only moderately but he presented no witnesses or other evidence to support that testimony. After receiving the adverse report of the district committee, which noted his refusal to submit to an at-risk evaluation for drug and alcohol abuse, Mr. Watson obtained an alcohol and drug evaluation which determined that he did not have a drug or alcohol problem.

Arguing that the Board improperly concluded that he failed to prove he is no longer engaged in substance abuse, Mr. Watson relied on the testimony of two circuit judges and three attorneys concerning his competent practice of law prior to the license suspension. That testimony does not support Mr. Watson's argument. Further, Mr. Watsons's competence as a practitioner has not been at issue, either in the disciplinary proceeding or in the proceedings on his restatement petition. Moreover, the Board did not conclude, as Mr. Watson asserted, that he failed to meet

his burden of proving he is no longer engaged in substance abuse. The Board's conclusion relevant to this issue is that Mr. Watson failed to establish by his testimony that, because of his prior drug abuse and his attitude toward it, reinstatement of his license would not be harmful to the bar, the courts and the public. The Board based that conclusion on Mr. Watson's continued insistence that the findings that he had used cocaine in a judge's chambers and the testimony of two police officers that he had told them he had a serious drug problem were erroneous.

In respect to his substance abuse, the district committee expressed concern for the safekeeping of client property in the event Mr. Watson's license were reinstated. Mr. Watson's testimony and demeanor at the reinstatement hearing caused the committee to seriously question whether he adequately appreciated the risk to client funds in the hands of an attorney with a history of substance abuse.

The third issue the district committee and the Board addressed is Mr. Watson's truthfulness. At the reinstatement hearing, contrary to the sworn testimony of witnesses at the disciplinary hearing, Mr. Watson denied having engaged in the misconduct for which his license was suspended: using cocaine in a judge's chambers and having his secretary prepare a false driver's license receipt. In that disciplinary proceeding, the referee also found that Mr. Watson had warned a court reporter friend who had previously furnished him cocaine of his suspicions that a certain person was an undercover officer investigating alleged drug use in the Jefferson county courthouse. At the reinstatement hearing, Mr. Watson testified that he had warned the court reporter not to display any illegal substances or discuss the use or sale of those sub-

stances in the presence of that person solely because he wanted to get his friend to stop using drugs. The district committee found that explanation not believable and concluded that Mr. Watson was not a credible witness. The district committee also found that he displayed a lack of remorse for his misconduct, as well as a cavalier attitude and a lack of candor.

In his initial request for an extension of time to pay the costs, Mr. Watson represented that he was a full-time graduate student. In his reinstatement petition he stated that he had spent the period of suspension attending graduate school and on a subsequent reinstatement questionnaire he reported that he was a student. At the hearing, however, Mr. Watson testified that during the period of suspension he was enrolled in a master's degree program, which he pursued for only one semester, following which he took "additional courses." Subsequent questioning by the district committee determined that during the first semester of his graduate work he withdrew from all but one of his classes and in the following semester he took only one course in cooking.

Having reviewed the reports of the district committee and the Board, we agree that Mr. Watson has not established that he is entitled to the reinstatement of his license to practice law. Mr. Watson requested that, in the event his reinstatement is denied, he be permitted to again apply for reinstatement after 90 days, rather than the nine months specified in SCR 22.28(8).[2] As he asserted no ground to support his request and we find none, we deny that request.

---

[2] SCR 22.28 provides:

**Reinstatement.**

. . .

IT IS ORDERED that the petition for the reinstatement of the license of William J. Watson to practice law in Wisconsin is denied.

(8)   If the court denies a petition for reinstatement, the petitioner may again file a petition for reinstatement commencing 9 months following the denial.